INDEPENDENT DIE CO. et al. v. SAVELS et al.

(Circuit Court of Appeals, First Circuit. November 10, 1915.)

No. 1127.

PATENTS ☞328—INVENTION—DIE FOR CUTTING LEATHER.

The Gimson patent, No. 709,008, for a die for cutting out leather, *held* void for lack of patentable invention, in view of the prior art.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Suit in equity by the Independent Die Company and others against Orvis M. Savels and others. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 215 Fed. 122.

Nathan Heard, of Boston, Mass. (Frederick A. Tennant, of Boston, Mass., on the brief), for appellants.

Louis W. Southgate, of Worcester, Mass. (Charles T. Hawley, of Worcester, Mass., on the brief), for appellees.

Before PUTNAM and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. This case has reference to the rights of the complainants under a patent known as the Gimson patent, which, it is urged, embodies improvements relating to knives, cutters, or dicing-out instruments employed for cutting out blanks for the various parts of boots, shoes, etc.; the object of the improvements, as it is claimed, being to reduce the weight, cost of material, and at the same time to increase the strength of such instruments. The letters patent are numbered 709,008 and dated September 16, 1902.

The complainants allege infringement, and the defendants do not dispute the fact of infringement, if the patent in suit is sustained and broadly construed.

As showing the state of the art prior to the Gimson patent, the so-called Walker die, among other things, was in evidence, and there was considerable discussion in respect to the differences between the new and the repaired dies of the Walker type; but, in the view which we take of the case, we have no occasion to discuss such differences. So far as such questions are of consequence, they were sufficiently covered by the court below. It is not perceived that it is at all material whether the grooves or the corrugations of the Walker die were in the original construction or in those repaired. It is only im-

portant to know that grooved or corrugated dies were used in the art prior to the Gimson.

Upon the record and the arguments the only question with which we are concerned is whether, in view of the prior art, the supposed Gimson improvements embody patentable invention, and we think they do not. Indeed, the Gimsons, through their specification, concede that cutting instruments, in the form of a sole with a beveled cutting edge, have been long employed; but they say that when such knives are placed under the press they cannot be manipulated by the operator. This is explained upon proofs and arguments as meaning that the die cannot be manipulated by the operator continuously, and with safety, under the rapid movements of the beam of the cutting machine, and so they say that by making one or more ribs or corrugations in the material this defect in respect to safety under long-continued operation is cured; but it remains to be said that the idea of corrugations in sheet iron and zinc was not only present in the older art and in various situations, but was present in the particular field in question.

Another feature of the Gimson claim is that the cutting edge of the die is in line with the interior walls thereof; but this was true of the Walker die.

Judge Morton found that the idea of corrugations or grooves was present in the art prior to the Gimson application, especially in the Walker device when repaired, and we think the evidence sustains this view. The view of the court below was that it did not occur to any one prior to the Gimsons that a plurality of corrugations would minimize the dangers involved in handling the die, or that its weight thereby might be lessened without reducing its structural strength. That court deemed the Gimson suggestion a valuable one, but one pointing out a use or function embodied in something old, rather than one involving patentable invention. We think this view the correct one, and—

The decree below is affirmed, with costs of this court.